IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONTOUR DATA SOLUTIONS LLC,**<br>                **Plaintiff,**<br>                    v.<br>**GRIDFORCE ENERGY MANAGEMENT LLC,** *et al.***,**<br>                **Defendants.** | **CIVIL ACTION NO. 20-3241** |

## ORDER

Plaintiff Contour Data Solutions LLC has moved to compel Defendant Gridforce Energy Management LLC to provide more detailed descriptions of certain entries on Gridforce's privilege log, moved for the Court to conduct *in camera* review of certain purportedly privileged attorney-client communications of Gridforce, and moved for leave to subpoena RuyakCherian LLP, a law firm who formerly provided legal services to Gridforce. The Court referred this motion to Special Discovery Master Aliza Karetnick. Special Master Karetnick submitted a Report and Recommendation, to which no objections have been filed, recommending that the Court deny Contour's motion. For the reasons set forth herein, the Court adopts the Report and Recommendation of Special Master Karetnick and denies Contour's motion.

1. **RuyakCherian Communications**

Contour asks the Court to conduct *in camera* review of a single 2016 email between Gridforce's former Associate General Counsel and RuyakCherian LLP, a law firm. This email was identified as responsive to Contour's document requests but was withheld as privileged, and is described on Gridforce's privilege log as "Email with attachment(s) requesting legal advice re

contract(s) with Contour."[1] Contour argues that this email indicates that Gridforce consulted with RuyakCherian about its contractual counterclaim against Contour, and that the statute of limitations on these claims may have therefore passed.[2] Contour also speculates that additional responsive documents may have been withheld, and asks for leave to subpoena relevant documents from RuyakCherian.[3]

While the existence and date of this email may be relevant to Contour's defense, Special Master Karetnick is correct in concluding that "Contour's desire to substantiate its defense to Gridforce's counterclaim . . . is not a sufficient basis to unsettle the attorney-client privilege."[4] Contour points to no authority suggesting otherwise. Contour's speculation that Gridforce is improperly withholding otherwise-responsive documents similarly fails to justify intrusion into attorney-client communications.[5]

### 2. Privilege Log Descriptions

Contour also challenges the adequacy of the description of 49 documents on Gridforce's privilege log. 45 of these documents were withheld based on attorney-client privilege, and 4 were withheld as attorney-client work product. Where a party seeks to withhold documents on

---

[1] Pl.'s Mot. Compel [Doc. No. 178] ¶ 8.

[2] Pl.'s Mot. Compel [Doc. No. 178] ¶¶ 8–33.

[3] Pl.'s Mot. Compel [Doc. No. 178] ¶ 56(a).

[4] Am. R.&R. No. 5 [Doc. No. 207] at 3.

[5] To support this speculation, Contour notes that Gridforce has produced an "Accounts Payable Chart" indicating that it made at least five payments to RuyakCherian for legal services between 2015 and 2017. Pl.'s Mot. Compel [Doc. No. 178] ¶ 14. However, Gridforce explains these payments as arising from Gridforce's retention of RuyakCherian "to defend against claims brought by a supplier that involved Gridforce's then-CEO James Thompson." Def. Gridforce's Resp. Opp'n [Doc. No. 181] at 1.

Gridforce maintains that the appearance of a single RuyakCherian email on its privilege log "reflects the fact that *none* of Contour's search terms or requests for production hit on any other Ruyak communications." Def. Gridforce's Resp. Opp'n [Doc. No. 181] at 1 (emphasis original).

the basis of privilege, the party must "describe the nature of" the privileged material "in a manner that . . . will enable other parties to assess the claim."[6] Here, as Special Master Karetnick notes, "[e]ach of the log entries at issue identifies the date of the communication, the participants, the specific claim of privilege, and a description of the substantive topic(s) or subject matter."[7] Contour's objection, that the document descriptions do not "mention actual/potential breach of contract by Contour, litigation or statute of limitations,"[8] is irrelevant to the question of whether these documents are adequately described under Rule 26(b)(5)(A)(ii).

### 3. Privileged Communications of David W. Miner, Esq.

Finally, Contour asks the Court to conduct *in camera* review of hundreds of communications of David W. Miner, the Assistant General Counsel for Defendant NAES Corporation and the Secretary of Defendant Gridforce, to determine whether some of those communications were improperly marked as privileged.[9] Contour argues that it cannot rely on a claim of privilege for communications "where the only listed attorney is also a corporate officer."[10] However, Mr. Miner's dual role does not, by itself, justify the Court's review of his communications. Gridforce has provided a privilege log and an affidavit from Mr. Miner supporting that privilege.[11] Either method may serve to establish privilege, so long as the description of the purportedly privileged documents satisfies Rule 26(b)(5)(A)(ii).[12] Contour

---

[6] Fed. R. Civ. P. 26(b)(5)(A)(ii).

[7] Am. R.&R. No. 5 [Doc. No. 207] at 5.

[8] Pl.'s Mot. Compel [Doc. No. 178] ¶ 36.

[9] Pl.'s Mot. Compel [Doc. No. 178] ¶¶ 52–55.

[10] Pl.'s Mot. Compel [Doc. No. 178] ¶ 54.

[11] Def. Gridforce's Resp. Opp'n [Doc. No. 181] at 2.

[12] *See Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 139 (3d Cir. 2009) (recognizing that parties may establish a presumption of privilege by providing a sufficiently detailed privilege log); *id.* at 139 n.22

does not object to the description or privilege of any specific communication in Mr. Miner's log and presents nothing but speculation that Gridforce has improperly asserted privilege.

**AND NOW,** this 27th day of July 2022, upon consideration of Plaintiff Contour's Motion to Compel Production of Attorney/Client Documents [Doc. No. 178], the briefing related thereto, and the related Report and Recommendation of Special Discovery Master Aliza Karetnick [Doc. No. 207], to which no objections have been filed, it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**, and that Contour's motion is **DENIED**.

It is so **ORDERED.**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**

---

("underscor[ing]" that a party does not always need to provide a privilege log to justify withholding privileged communications).

Separately, Gridforce conducted a random review of 40 documents marked as privileged, which Mr. Miner again certified as correctly marked. Def. Gridforce's Resp. Opp'n [Doc. No. 181] at 2–3. Where broad allegations of miscategorization are made, a voluminous production can be tested by auditing a representative sample. *See, e.g.*, *In re Teleglobe Comm's Corp.*, 493 F.3d 345, 376 (3d Cir. 2007), *as amended* (Oct. 12, 2007) (discussing an audit of disputed privilege log documents).