IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONTOUR DATA SOLUTIONS LLC,**<br>Plaintiff,<br><br>v.<br><br>**GRIDFORCE ENERGY MANAGEMENT LLC,** *et al.*,<br>Defendants. | **CIVIL ACTION NO. 20-3241** |

**ORDER**

**AND NOW,** this 27th day of July 2022, upon consideration of the Motion to Compel Production of Communications with Counsel and Deposition of David W. Miner, Esq. Due to the Crime-Fraud Exception [Doc. No. 195] filed by Plaintiff Contour Data Solutions LLC, the briefing related thereto, and the related Report and Recommendation of Special Discovery Master Aliza Karetnick [Doc. No. 220], to which no objections have been filed, it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**, and that Contour's motion is **DENIED**.[1]

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

[1] Contour's motion, as limited by its Reply, seeks to compel (1) the production of privileged communications between the employees of Defendants Gridforce Energy Management, LLC and NAES Corporation and David W. Miner, Associate General Counsel for NAES and Corporate Secretary of Gridforce, and (2) Mr. Miner's deposition. Pl.'s Mot. Compel [Doc. No. 195] at 12–13; Pl's Reply [Doc. No. 213] at 1. In the alternative, Contour seeks *in camera* review of a subset of the privileged communications. Contour argues that this material is discoverable under the crime-fraud exception to attorney-client privilege. Pl.'s Mem. L. Supp. Mot. Compel [Doc. No. 195] at 1.

"[A] party seeking to apply the crime-fraud exception must demonstrate that there is a reasonable basis to suspect (1) that the privilege holder was committing or intending to commit a crime or fraud, and (2) that the attorney-client communication or attorney work product was used in furtherance of that alleged crime or fraud." *In re Grand Jury*, 705 F.3d 133, 155 (3d Cir. 2012). A lower standard is required to justify *in camera* review: the party seeking such review must show "a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *United States v. Zolin*, 491 U.S. 554, 572 (1989) (quotation and citation omitted).

Neither standard is satisfied here. Contour's argument rests almost entirely on the timing of Mr. Miner's communications, which occurred during the period in which Contour alleges Defendants were engaging in a criminal intrusion into Contour's data storage systems and a subsequent cover-up. Pl.'s Mem. L. Supp. Mot. Compel [Doc. No. 195] at 2. However, as Special Master Karetnick notes, "[t]iming aside, Contour provides *no* extrinsic factual evidence demonstrating the communications were made *in furtherance* of illegal activity or fraud. Importantly, Contour does not explain *how* Mr. Miner assisted in any alleged crime, or *why* these communications must relate to the 'Lift and Shift.'" R&R [Doc. No. 220] at 5. For this reason, and for the reasons further set forth in the Report and Recommendation of Special Master Aliza Karetnick, Contour's motion will be denied.