# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONTOUR DATA SOLUTIONS, LLC** <br> Plaintiff, <br><br> v. <br><br> **GRIDFORCE ENERGY MANAGEMENT LLC,** *et al.* <br> Defendants. | **CIVIL ACTION NO. 20-3241** |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                              **August 28, 2024**

      After the Court identified serious shortcomings regarding the parties' previous motions to seal, the Court ordered the parties to meet and confer before filing renewed motions to seal that comply with the high standard set forth in *In re Avandia Marketing, Sales Practices, and Products Liability Litigation*.[1] The parties have complied with the Court's Order and refiled their motions for summary judgment, motions to exclude experts, and motions to seal.[2]

      Before the Court are the following six sealing motions: (1) Contour's Motion to Seal Certain Information and Exhibits;[3] (2) Gridforce's First Motion to Seal;[4] (3) Contour's Second Motion to Seal Certain Information and Exhibits;[5] (4) Gridforce's Second Motion to Seal;[6]

---

[1] 924 F.3d 662 (3d Cir. 2019); *see also* Order, Aug. 7, 2023 [Doc. No. 331].

[2] CDW Corporation and CDW Direct, LLC (together, "CDW") are no longer parties to this case. Plaintiff Contour resolved its claims against CDW and filed a motion to dismiss all claims against CDW, which the Court granted. Contour's Mot. Dismiss [Doc. No. 388]; Order, Jan. 31, 2024 [Doc. No. 390]. Gridforce then notified the Court that it intended to prosecute CDW's Motion to Exclude the Opinion of Joseph J.T. Thompson and adopted all arguments raised therein. *See* Gridforce's Notice [Doc. No. 391].

[3] Contour's First Mot. Seal [Doc. No. 337].

[4] Gridforce's First Mot. Seal [Doc. No. 340].

[5] Contour's Second Mot. Seal [Doc. No. 355].

[6] Gridforce's Second Mot. Seal [Doc. No. 359].

(5) Gridforce's Third Motion to Seal;[7] and (6) Gridforce's Motion to Seal Response to Record Supplement.[8]

I. LEGAL STANDARD

The common law presumes that the public has a right of access to judicial materials. "In both criminal and civil cases, a common law right of access attaches 'to judicial proceedings and records.'"[9] "Whether the common law right of access applies to a particular document or record 'turns on whether that item is considered to be a judicial record.'"[10] "A 'judicial record' is a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'"[11] For example, "documents filed in connection with a motion for summary judgment are judicial records" with a "presumptive right of public access . . . ."[12] To overcome the common law presumption of the public's right to access, a movant must show "that the interest in secrecy outweighs the presumption" by demonstrating "that the material is the kind of information that courts will protect[,] and that disclosure will work a *clearly defined and serious injury* to the party seeking closure."[13]

"In delineating the injury to be prevented, specificity is essential."[14] "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."[15] "[C]areful

---

[7] Gridforce's Third Mot. Seal [Doc. No. 372].

[8] Gridforce's Mot. Seal Resp. R. Suppl. [Doc. No. 394].

[9] *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d. Cir. 2001)).

[10] *Id.* (quoting *In re Cendant Corp.*, 260 F.3d at 192).

[11] *Id.* (quoting *In re Cendant Corp.*, 260 F.3d at 192).

[12] *Id.* (citing *Republic of the Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660–62 (3d Cir. 1991); quoting *In re Cendant Corp.*, 260 F.3d at 192–93).

[13] *Id.* (emphasis added) (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986); *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

[14] *Id.* at 673 (quoting *In re Cendant Corp.*, 260 F.3d at 194).

[15] *Id.* (quoting *In re Cendant Corp.*, 260 F.3d at 194).

factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants."[16] "To that end, the District Court must 'conduct[ ] a document-by-document review' of the contents of the challenged documents."[17]

## II. DISCUSSION

### A. Contour's Sealing Motions

#### 1. Contour's Motion to Seal Certain Information and Exhibits in the Opening Motions

Contour filed its first Motion to Seal, and Gridforce responded in partial opposition.[18] These sealing requests revolve around the parties' opening summary judgment and Daubert briefs. Contour separates its sealing requests into three general categories of information: (1) Contour's purported "trade secrets" relating to Contour's IT System; (2) confidential financial and business information; and (3) personal and financial information of non-party Contour personnel.[19] The Court addresses each in turn.

First, Contour seeks to seal numerous documents and exhibits because—according to Contour—they disclose trade secrets in Contour's IT System, including primary source banners, coding, scripts, and an explanation of the chronology of events that led to the creation of the IT System.[20] Contour argues that these documents must be kept under seal because "disclosure

---

[16] *Id.* (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)).

[17] *Id.* (quoting *Leucadia, Inc.*, 998 F.2d at 167).

[18] *See* Contour's First Mot. Seal [Doc. No. 337]; Gridforce's Resp. Opp'n Contour's First Mot. Seal [Doc. No. 373].

[19] Contour's Mem. Supp. First Mot. Seal [Doc. No. 337] at 7.

[20] *Id.* at 9–10. Specifically, Contour seeks to seal the following: (1) Contour's Statement of Facts in Support of its Motions for Summary Judgment Nos. 83, 85, 88, 116, 124, and 129; (2) Contour's Ex. 4: Affidavit of Rocco Guerriero Regarding Contour's Creation of IT System; (3) Contour's Ex. 12, CDW's Ex. 23 (Duplicate): Contour Data Solutions LLC's Objections and Responses to CDW Corp.'s First Set of Interrogatories; (4) Contour's Ex. 17, Gridforce Ex. 26 (Duplicates): Contour Data Solutions LLC's Objections and Responses to Gridforce Energy Management, LLC's Fourth Set of Interrogatories; (5) Contour's Ex. 18: Contour Data Solutions LLC's Objections and Responses to Gridforce Energy Management, LLC's First Set of Interrogatories; (6) Contour's Ex. 19: Contour

3

would harm Contour by increasing risks to the security of Contour's business, System, and clients, and would damage the market value of the System . . . ."[21]

Trade secrets are "a noted exception to the presumption of public access."[22] However, as the Court has articulated in detail in its Memorandum Opinion on Contour and Gridforce's cross-motions for summary judgment, Contour has failed to establish that the IT System constitutes a trade secret. Therefore, applying the standards set forth by the Court of Appeals, the Court does not find that Contour's interest in secrecy outweighs the strong presumption of openness of judicial records as to these documents.

Second, Contour moves to seal "non-public financial data, pricing terms, and customer lists that are not directly relevant to this dispute."[23] Specifically, Contour moves to seal portions of Gridforce's Exhibits 3 and 4 relating to Gridforce's Motion for Summary Judgment.[24] Exhibit 3 includes a "profitability summary" of a Contour contract, and Exhibit 4 includes a list of Contour's customers and pricing information.[25] Contour argues that disclosure of these documents would allow "Contour's competitors, potential acquisition targets, potential acquirers, and potential licensees and customers [to] gain access to non-public information that could be

---

Data Solutions LLC's Supplemental Objections and Responses to NAES Corp.'s Third Set of Interrogatories; (7) Contour's Ex. 20, Gridforce Ex. 28, CDW Exs. 18 and 4 (Duplicates): Expert Report of William Brian Bohn of Clearpath Solutions (Oct. 14, 2021); (8) Contour's Ex. 21, Gridforce Exs. B and 35, CDW Ex. 21 (Duplicates): Expert Report of Brian Bohn of Clearpath Solutions (April 12, 2022); (9) Contour's Ex. 24: Expert Report of Garry Zacheiss (Nov. 19, 2021); (10) Contour's Ex. 25: Clearpath Expert Report (Finding for Contour); (11) Contour's Exs. 55, 59–65: System and Connectivity Diagrams, Scripts, GPO Examples, and Configuration Files; (12) Contour's Ex. 111, Gridforce Ex. 27 (Duplicates): Contour Data Solutions LLC's Objections and Responses to Gridforce Energy Management, LLC's Third Set of Interrogatories. Contour's Mem. Supp. First Mot. Seal [Doc. No. 337] at 8–11.

[21] Contour's Mem. Supp. First Mot. Seal [Doc. No. 337] at 8.

[22] *Avandia*, 924 F.3d at 679 n.14.

[23] Contour's Mem. Supp. First Mot. Seal [Doc. No. 337] at 11.

[24] *Id.* at 12. The redacted versions are attached to Gridforce's Motion for Summary Judgment. Chung Decl., Exs. 3, 4 [Doc. No. 339-2] (redacted). Unredacted versions are contained in Gridforce's sealed exhibits. Chung Decl., Exs. 3, 4 [Doc. Nos. 346, 346-1] (filed under seal).

[25] *See* Chung Decl., Ex. 3, 4 [Doc. Nos. 346, 346-1] (filed under seal).

used to undercut negotiations."[26] Gridforce does not take a position on the sealing of these documents.[27]

Confidential pricing and strategy information is commonly redacted by courts because this information could cause real and serious harm to the parties' future negotiations if disclosed to competitors.[28] Because Contour has come forward with a compelling, countervailing interest to be protected, it has complied with the specificity requirement set forth in *Avandia*, and these documents are largely irrelevant to the substance of the case, the motion will be granted as to these documents.

Third, Contour moves to seal non-public personal information about its employees and their salaries, contained in Exhibits 14 and 28 attached in support of CDW's Motion for Summary Judgment, in order to protect their privacy interests. As CDW is no longer a party to this case, its motion for summary judgment will be stricken and the Court will not address any sealing motions as to CDW.

2. Contour's Motion to Seal Certain Information and Exhibits in the Responsive Briefing

Contour's Second Motion to Seal certain documents and exhibits relates to the parties' responses to their substantive motions.[29] Contour separates the numerous exhibits at issue into

---

[26] Contour's Mem. Supp. First Mot. Seal [Doc. No. 337] at 11.

[27] Gridforce's Resp. Opp'n Contour's First Mot. Seal [Doc. No. 373] at 2.

[28] *See* Fed. R. Civ. P. 26(c)(1)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order).

[29] Contour's Second Mot. Seal [Doc. No. 355]. Specifically, Contour moves to seal: (1) Contour's Exhibit Nos. 114 and 132–38 attached to the Supplemental Declaration of M. Kelly Tillery; (2) Defendants' Responses to Contour's Statement of Facts in Support of its Motions for Summary Judgment Nos. 83, 85, 88, 116, 124, and 129; (3) portions of Defendants' Exhibit Nos. 39, 41, 44, and 60 attached to the Declaration of Jennifer K. Chung in Support of Defendants' Response in Opposition to Contour's Motions for Summary Judgment; and (4) portions of Defendants CDW Corporation and CDW Direct, LLC's Exhibit Nos. 8, 11, 18, and 20 attached to the Declaration of Eric Hyla in Support of Defendants' Response in Opposition to Contour's Motions for Summary Judgment. Contour's Second Mot. Seal [Doc. No. 355] at 1.

two categories: (1) Contour's "trade secrets" relating to Contour's IT System; and (2) personal and financial information of non-party Contour personnel.[30] Gridforce opposes the sealing of Contour's "trade secret" information and takes no position on the sealing of the personal and financial information.[31] As outlined above, Contour has failed to establish that its IT System constitutes a trade secret. Therefore, the Court will not keep these exhibits related to Contour's purported trade secrets under seal.[32] The personal and financial information of non-party Contour personnel is contained in a CDW motion, which will be stricken.[33]

### B. Gridforce's Sealing Motions

Gridforce has moved in four separate motions to seal certain documents and exhibits. No responses or replies in opposition or support have been filed as to any of these sealing motions.

#### 1. Gridforce's Motion to Seal Documents and Exhibits in the Opening Briefing

Gridforce moves to seal specific information (as opposed to entire exhibits) filed in connection with the summary judgment and Daubert motions. Gridforce has categorized the information it seeks to seal into five categories: (1) cybersecurity information, (2) physical security information, (3) non-party personal information, (4) financial data, and (5) customer lists.[34]

---

[30] Contour's Mem. Supp. Second Mot. Seal [Doc. No. 355] at 6.

[31] *See* Gridforce's Resp. Opp'n Contour's Second Mot. Seal [Doc. No. 381] at 1 & n.1.

[32] The exhibits Contour seeks to seal on trade secret grounds are: (1) Defendants' Responses to Contour's Statement of Facts in Support of its Motions for Summary Judgment Nos. 83, 85, 88, 116, 124, and 129; (2) Contour's Ex. 114: Affidavit of Rocco Guerriero; (3) Contour's Ex. 132: Supplemental Expert Report of Edwin A. Hernandez; (4) Contour's Ex. 133: Report of Garry Zacheiss; (5) Contour's Exs. 134–38, CDW Ex. 20: Contour Banners; (6) Gridforce Ex. 39: Server Names and IP Addresses; (7) Gridforce Ex. 41: Expert Report of Garry Zacheiss (Nov. 19, 2021); (8) Gridforce Exs. 44 and 60: Native format documents; (9) CDW Ex. 8: Expert Report of William Brian Bohn of Clearpath Solutions (Oct. 14, 2021); (10) CDW Ex. 11: Expert Report of Brian Bohn of Clearpath Solutions (April 12, 2022). Contour's Mem. Supp. Second Mot. Seal [Doc. No. 355] at 7–8.

[33] As previously mentioned, CDW's Motions will be stricken, as it is no longer a party to the case. Therefore, Contour's request to seal CDW Ex. 18—Contour's Objections and Responses to Nos. 11 and 12 of NAES Corporation's Second Set of Interrogatories—is moot.

[34] Gridforce's Mem. Supp. First Mot. Seal [Doc. No. 340-1] at 3.

First, Gridforce moves to seal its "GEM Cybersecurity Information," defined as information about Gridforce's IT System, specifically Gridforce's network, servers, Internet Protocol ("IP") addresses, the version number and encoded text of its Energy Management System software ("EMS Software"), Globally Unique Identifiers ("GUIDs"), Security Identifiers ("SIDs"), and Universally Unique Identifiers ("UUID").[35]

Gridforce argues that "[d]isclosure of information about Gridforce's IT infrastructure could undermine the security of Gridforce's operations and Gridforce's energy management system, and thus the nation's power grid, by allowing malicious attackers to access Gridforce's IT system and attempt to disrupt Gridforce's operations, causing harm to Gridforce, its customers, and the public."[36] Gridforce avers that any potential attack to Gridforce's system could lead to an outage of Gridforce's services and thus "remove a material portion of power generation capacity in the United States."[37] Contour does not refute this description.

Courts have frequently held that information must remain under seal to prevent risks to national security.[38] All of Gridforce's requests are narrowly tailored to *specific* lines contained in

---

[35] *Id.* at 4.

[36] *Id.* at 5. Gridforce seeks to seal *specific* highlighted lines contained in the following documents due to cybersecurity concerns: (1) Declaration of Eric Hyla in Support of CDW's Motion for Summary Judgment, Exs. 8, 18, 21; (2) Declaration of Richard Nelson, Ex. B, (3) Declaration of Eric Hyla in Support of CDW's Motion to Exclude Opinions of James "J.T." Thompson, Ex. 4; (4) Declaration of Benjamin J. Byer in Support of Gridforce and NAES's Motion to Exclude Bohn Opinions, Ex. B; (5) Declaration of Jennifer K. Chung in Support of Gridforce and NAES's Motion for Summary Judgment, Ex. 35; (6) Declaration of M. Kelly Tillery in Support of Contour's Motion for Summary Judgment, Exs. 20–21, 24–25, 50, 54–55, 60–65, 75–76, 81; (7) Contour's Statement of Facts in Support of its Motion for Summary Judgment; and (8) Contour's Memo in Support of its Motion for Summary Judgment. *See* Byer Decl. [Doc. No. 340-2] at 2–5. The specific lines and descriptions of the confidential information are described in Benjamin Byer's Declaration in Support of Gridforce's First Motion to Seal. *Id.*

[37] Gridforce's Mem. Supp. First Mot. Seal [Doc. No. 340-1] at 5.

[38] *See United States v. Thomas*, 905 F.3d 276, 279 (3d. Cir. 2018) ("[T]he District Court properly concluded that the compelling government interests of national security and safety would be substantially impaired by permitting full access to the plea document here."); *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) ("The interests that courts have found sufficiently compelling to justify closure under the First Amendment include . . . risks to national security . . . ." (citing *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008); *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 705 (6th Cir. 2002)); *Finjan, Inc. v. Juniper Networks, Inc.*, No. 17-5659, 2019 WL 11868520, at *1 (N.D. Cal. May 22, 2019) (sealing "confidential source code," which, if disclosed, could "present a security risk" to clients).

these exhibits, which could cause a clearly defined and serious injury. For example, Gridforce seeks to redact its usernames and IP addresses, which have no material relevance to the case at hand but which could compromise Gridforce's security. After reviewing these specific portions that Gridforce seeks to redact, the Court agrees that Gridforce has a substantial privacy and security interest in maintaining the confidentiality of this information.

Second, Gridforce seeks to protect the specific street address of Gridforce's current data centers, as well as identifying information about Gridforce's landlord that could be used to identify its data centers' physical location.[39] This information is immaterial to the adjudication of the case, not cited throughout any of the parties' briefing, and disclosure could pose a potential security risk to Gridforce's operations.

Third, Gridforce seeks to protect information about its employees' phone numbers and names.[40] These employees are non-parties to the action and their phone numbers and names are immaterial to the adjudication of the pending motions.[41] The Court will keep this information under seal.

Fourth, Gridforce seeks to redact Gridforce's financial data, including its bank account number, profit and loss statements, balance sheets, and account receivable balances.[42] Such

---

[39] Gridforce's Mem. Supp. First Mot. Seal [Doc. No. 340-1] at 8. Gridforce seeks to seal *specific* highlighted lines contained in the following documents due to physical security concerns: (1) Declaration of M. Kelly Tillery in Support of Contour's Motion for Summary Judgment, Exs. 48, 110; and (2) Supplemental Declaration of Michael G. Peters, Ex. B. Byer Decl. [Doc. No. 340-2] at 6. The specific lines and the description of the confidential information are described in Benjamin Byer's Declaration in Support of Gridforce's First Motion to Seal. *Id.*

[40] Gridforce's Mem. Supp. First Mot. Seal [Doc. No. 340-1] at 9–10. Gridforce seeks to seal *specific* lines contained in the following documents as non-party personal information: (1) Declaration of M. Kelly Tillery in Support of Contour's Motion for Summary Judgment, Exs. 48, 110; and (2) Supplemental Declaration of Michael G. Peters, Ex. B. Byer Decl. [Doc. No. 340-2] at 6–7. The specific lines and the description of the confidential information are described in Benjamin Byer's Declaration in Support of Gridforce's First Motion to Seal. *Id.*

[41] *See, e.g.*, *McCowan v. City of Phila.*, No. 19-3326, 2021 WL 3737204, at *3 (E.D. Pa. Aug. 24, 2021) ("[T]he personal identifying information of nonparties is precisely the kind of information that courts will protect." (citation omitted)).

[42] Gridforce's Mem. Supp. First Mot. Seal [Doc. No. 340-1] at 11. Gridforce seeks to seal *specific* lines contained in the Declaration of M. Kelly Tillery in Support of Contour's Motion for Summary Judgment, Ex. 110. Byer Decl.

information is immaterial to the adjudication of the pending motions and not cited by any of the parties in their briefings. Furthermore, Courts regularly protect bank account information for a company's financial security. Courts also protect financial information if it has the potential to "harm a litigant's competitive standing."[43] Therefore, the Court will keep this information under seal. Lastly, Gridforce seeks to protect its customer lists.[44] This is the type of material that courts frequently protect and it will remain under seal.[45]

    2. <u>Gridforce's Motion to Seal Documents and Exhibits in the Responsive Briefing</u>

Gridforce has separated its second motion into four categories of information it seeks to seal: (1) duplicative exhibits (i.e., exhibits that were previously requested to be sealed), (2) cybersecurity information, (3) financial data, and (4) customer information.[46] All of the exhibits that are duplicative of the sealing requests in Gridforce's first motion will be granted.[47]

---

[Doc. No. 340-2] at 7. The specific lines and the description of the confidential information are described in Benjamin Byer's Declaration in Support of Gridforce's First Motion to Seal. *Id.*

[43] *In re Avandia*, 924 F.3d at 679 (quoting *Westinghouse Elec. Corp.*, 949 F.2d at 662); *see also Three Bros. Supermarket Inc. v. United States*, No. 19-2003, 2020 WL 5749942, at *5 (E.D. Pa. Sept. 25, 2020) (discussing party's tax ID numbers and bank account numbers).

[44] Gridforce's Mem. Supp. First Mot. Seal [Doc. No. 340-1] at 13. Gridforce seeks to seal *specific* lines contained in the Declaration of M. Kelly Tillery in Support of Contour's Motion for Summary Judgment, Exs. 34, 110. Byer Decl. [Doc. No. 340-2] at 8. The specific lines and the description of the confidential information are described in Benjamin Byer's Declaration in Support of Gridforce's First Motion to Seal. *Id.*

[45] *Alchem USA Inc. v. Cage*, No. 21-2994, 2022 WL 3043153, at *3 (3d Cir. Aug. 2, 2022) (listing client lists as example of information that "may be protected from disclosure").

[46] Gridforce's Mem. Supp. Second Mot. Seal [Doc. No. 359-1] at 3.

[47] Gridforce seeks to seal *specific* lines contained in the following documents as duplicative of those identified in its first sealing motion: (1) Declaration of Eric Hyla in Support of CDW's Opposition to Plaintiff's Motions for Summary Judgment, Exs. 7, 8, 11, 20; (2) Supplemental Declaration of M. Kelly Tillery in Support of Contour's Opposition to Defendants' Motions for Summary Judgment and Motions to Exclude Opinions, Ex. 114; (3) Declaration of Jennifer K. Chung in Support of Gridforce and NAES's Opposition to Contour's Motions for Summary Judgment, Ex. 41. Byer Second Decl. [Doc. No. 359-2] at 2. The specific lines and the description of the confidential information are described in Benjamin Byer's Declaration in Support of Gridforce's Second Motion to Seal. *Id.*

Next, Gridforce moves to redact certain portions of exhibits with information about Gridforce's network, servers, firewall rules, IP addresses, EMS Software, and GUIDs.[48] Each request is narrowly tailored and poses the same cybersecurity risks outlined in its First Motion to Seal. Gridforce's specific requests to redact (1) the version number of the EMS Software, (2) the GUID and other identifiers, (3) Gridforce's IP addresses, and (4) Gridforce's network information will be granted.

Third, Gridforce seeks to protect information about the salaries of specific Gridforce employees.[49] This information is immaterial to the adjudication of the motions before the Court and could be used by competitors to compete with Gridforce in the hiring of employees. This is "the kind of personal information which a competitor might be curious about but not the general public," and which could cause one to "suffer a competitive disadvantage if such information were disclosed to the public."[50] Because such information is irrelevant to the judicial proceedings and could pose a defined injury to Gridforce's competitive advantage, it will remain under seal.

---

[48] Gridforce's Mem. Supp. Second Mot. Seal [Doc. No. 359-1] at 4. Gridforce seeks to seal *specific* lines contained in the following documents as cybersecurity information: (1) Supplemental Declaration of M. Kelly Tillery in Support of Contour's Opposition to Defendants' Motions for Summary Judgment and Motions to Exclude Opinions, Exs. 132–38; (2) Declaration of Jennifer K. Chung in Support of Gridforce and NAES's Opposition to Contour's Motions for Summary Judgment, Exs. 39–40, 51–54, 70–72. Byer Second Decl. [Doc. No. 359-2] at 4–5. The specific lines and the description of the confidential information are described in Benjamin Byer's Declaration in Support of Gridforce's Second Motion to Seal. *Id.*

[49] Gridforce's Mem. Supp. Second Mot. Seal [Doc. No. 359-1] at 7. Gridforce seeks to seal *specific* lines contained in the Declaration of Jennifer K. Chung in Support of Gridforce and NAES's Opposition to Contour's Motions for Summary Judgment. Byer Second Decl. [Doc. No. 359-2] at 6. The specific lines and the description of the confidential information are described in Benjamin Byer's Declaration in Support of Gridforce's Second Motion to Seal. *Id.*

[50] *Erwin v. Waller Cap. Partners LLC*, No. 10-3283, 2012 WL 3528976, at *2 (D.N.J. Aug. 14, 2012).

Lastly, Gridforce seeks to protect information that identifies Gridforce's customers by the physical site where Gridforce provides services to these customers.[51] As outlined above, courts regularly protect customer lists under *Avandia* and the Court will do so here.[52]

3. Gridforce's Motion to Seal Documents and Exhibits in the Reply Briefings

Gridforce's Third Motion to Seal again seeks redactions of (1) cybersecurity information, including IP addresses and network information, and (2) the physical location of Gridforce's data centers.[53] Although these specific exhibits were not referenced in Gridforce's First Motion to Seal, the information and rationale are duplicative of its requests above, and therefore the Motion will be granted.[54] In conclusion, Gridforce has met its "'burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'"[55]

4. Gridforce's Motion to Seal Response to Record Supplement

Lastly, Gridforce moves to file under seal Defendants' Response to Contour's Record Supplement, and Exhibit A to the Declaration of Joe H. Tucker, Jr., filed in support of the Response.[56] Gridforce files this motion to comply with the Stipulated Protective Order entered

---

[51] Gridforce's Mem. Supp. Second Mot. Seal [Doc. No. 359-1] at 9. Gridforce seeks to seal *specific* lines contained in the Declaration of Jennifer K. Chung in Support of Gridforce and NAES's Opposition to Contour's Motions for Summary Judgment. Byer Second Decl. [Doc. No. 359-2] at 6. The specific lines and the description of the confidential information are described in Benjamin Byer's Declaration in Support of Gridforce's Second Motion to Seal. *Id.*

[52] *See Alchem USA Inc.*, 2022 WL 3043153, at *3.

[53] *See* Gridforce's Mem. Supp. Third Mot. Seal [Doc. No. 372-1] at 3.

[54] Gridforce seeks to seal *specific* lines contained in the Second Supplemental Declaration of M. Kelly Tillery in Support of Contour's Reply to Defendants' Oppositions to Contour's Motions for Summary Judgment, Exs. 149, 152–55. Byer Third Decl. [Doc. No. 372-2] at 2–4. The specific lines and the description of the confidential information are described in Benjamin Byer's Declaration in Support of Gridforce's Third Motion to Seal. *Id.*

[55] *In re Cendant Corp.*, 260 F.3d at 194 (quoting *Miller*, 16 F.3d at 551).

[56] Gridforce's Mot. Seal Resp. R. Suppl. [Doc. No. 394].

11

on August 28, 2020.[57] Pursuant to the Stipulated Protective Order, each party may designate any discovery material as confidential.[58] Gridforce represents that Contour designated Exhibit A to the Response as confidential in its entirety.[59] However, Contour has not responded to the Motion to provide any reason why this exhibit (or the Response that refers to it) should remain under seal. Therefore, Gridforce's Motion will be denied.

### III. CONCLUSION

Contour's motions to seal will be granted in part and denied in part. Gridforce's First Motion to Seal, Second Motion to Seal, and Third Motion to Seal will be granted. Gridforce's Motion to Seal Response to Record Supplement will be denied. An order will be entered.

---

[57] Stipulated Protective Order [Doc. No. 22].

[58] *Id.* at 19 ("If filed with the Court, any documents containing or constituting Protected Discovery Material shall be filed under seal pursuant to E.D. Pa. LR 5.1.5.").

[59] Gridforce's Mem. Supp. Mot. Seal Resp. R. Suppl. [Doc. No. 394-1] at 1.